# In the United States Court of Federal Claims

No. 22-1905
(Filed: October 13, 2023)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MICHAEL PRANCE,

      *Plaintiff,*

v.

THE UNITED STATES,

      *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPINION

BRUGGINK, *Judge*.

    This is a lawsuit filed *pro se* by plaintiff, Michael Prance, seeking repayment of a $600 COVID-era economic relief payment which was applied as an offset by the Treasury Department to pay off a debt owed to the Department of State. Pending is defendant's motion to dismiss pursuant both to Rule 12(b)(1) and to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims. The motion is fully briefed. Oral argument is unnecessary. As explained below, this court lacks jurisdiction over plaintiff's claim. We therefore grant defendant's motion to dismiss under Rule 12(b)(1). While plaintiff has also filed a motion for summary judgment, it is rendered moot by our ruling on the motion to dismiss.

## BACKGROUND

    Plaintiff's claim is based on COVID-related economic relief payments authorized by the CARES Act of 2020, the Consolidated Appropriations Act ("CAA") of 2021, and the American Rescue Plan Act

("ARPA") of 2021.[1] Congress enacted these statutes in part to provide economic relief during the COVID-19 pandemic—one tool used to do so was direct payments to eligible Americans.

Congress directed the Secretary of the Treasury via the CARES Act to make a $1,200 refundable tax credit available to all eligible individuals in the United States.[2] The law also provided for these payments to be made "as rapidly as possible" by allowing individuals to receive advance economic impact payments ("EIPs") before filing their taxes, instead of through a subsequent tax refund.[3] Congress established a December 31, 2020 deadline for requests to receive an EIP rather than a tax refund.[4] The CAA then provided for an additional $600 payment using the same EIP-or-refund mechanism, with a deadline of January 15, 2021, for requesting an EIP.[5] Congress authorized a third round of payments pursuant to ARPA, this time of $1,400, again available either as EIPs or as a refundable tax credit.[6] The deadline for requesting an EIP under ARPA was December 31, 2021.[7]

Before issuing any federal income tax refunds, the Secretary of the Treasury is required to offset against the refund any debts a taxpayer may owe to another federal agency.[8] Originally under the CARES Act, however, the first $1,200 of COVID relief payments were protected from offset for any purpose other than overdue child support.[9] The CAA nevertheless retroactively amended the CARES Act to clarify that payments under the CARES Act and CAA were only exempt from offset if they had been requested as an EIP rather than part of a tax refund.[10] ARPA likewise protected EIPs from offset but provided no protection for payments claimed

---

[1] These facts are drawn from plaintiff's complaint, which for the purposes of a motion under Rule 12(b)(6) we presume to be true, and from the further explanation provided by the parties' briefing. In any event, there is no dispute regarding the events in question.
[2] 26 U.S.C. § 6428(a) (2018). Under this statute, all adults in America aside from nonresident aliens and individuals "with respect to whom a deduction under section 151 is allowable to another taxpayer" were eligible for COVID economic relief payments. *Id.* § 6428(d).
[3] *Id.* § 6428(f).
[4] *Id.* § 6428(f)(3)(A).
[5] *Id.* § 6428A(a); *Id.* § 6428A(f)(3)(A)(ii)(I).
[6] 26 U.S.C. § 6428B(b) (2018).
[7] *Id.* § 6428B(g)(3).
[8] *Id.* § 6402(d).
[9] Pub. L. No. 116–136, §2201(d), 134 Stat. 338 (2020).
[10] Pub. L. No. 116–260, §273(b)(1), 134 Stat. 1978 (2020).

as a tax refund.[11]

Plaintiff claims to have been entitled to receive two economic relief payments, one pursuant to the CARES Act and the other pursuant to the CAA. He claimed his payments via tax refund, one for $1,200 in a return filed March 8, 2021, and another for a $600 payment through an amended return filed on April 15, 2021.[12] Because, however, plaintiff had incurred a debt to the State Department for emergency medical and travel services in 2005 which had not been satisfied prior to those payments, the Treasury Department offset both of plaintiff's payments and directed them to the Department of State (for a total of $1,856.80).[13]

The complaint does not raise a challenge to the underlying debt owed to the Department of State. Instead, plaintiff argues that while the CARES Act did not protect the first $1,200 payment from offset, the same was not true of the $600 payment under ARPA; that payment, he asserts, was not subject to offset.[14] He argues, therefore, that he is entitled to restoration of the $600 payment.

DISCUSSION

Defendant moves to dismiss on two grounds. First, it argues that the offset statute specifically precludes judicial review of challenges to offsets, thereby depriving the court of jurisdiction. Second, it argues that plaintiff's claim fails as a matter of law because his payments were not exempted from offset by the CARES Act, CAA, or ARPA. With respect to jurisdiction, plaintiff responds by relying on the Tucker Act which grants the court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress."[15] He points to the entitlement legislation as providing the basis for his claim. As to the substance of his claim, he challenges defendant's reliance on the exemption aspects of the statutes.

---

[11] Pub. L. No. 117–2, §9601(c)(2), 135 Stat. 143 (2021).

[12] Def.'s Reply in Supp. of Mot. to Dismiss Ex. A

[13] Compl. ¶ 13, ECF No. 1; Pl.'s Opp. to Def.'s Mot. to Dismiss 2, ECF No. 13. Neither party states the exact amount of plaintiff's debt to the State Department.

[14] Compl. ¶ 4, ECF No. 1. Plaintiff does not explain further or cite specific statutory provisions.

[15] Pl.'s Opp. To Def.'s Mot. to Dismiss 3, ECF No. 13 (citing 28 U.S.C. § 1491(a)(1) (2018)).

I. 26 U.S.C. § 6402(g) Precludes Jurisdiction

The Tucker Act has been construed to grant jurisdiction to this court over claims "for recovery of monies that the government has required to be paid contrary to law"[16] and cases "in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury."[17] In principle, therefore, we agree with plaintiff that the entitlement statutes he relies on would support Tucker Act jurisdiction to hear a claim of improper offset of monies to which he would otherwise be entitled. The mere fact that the Treasury Department is required by 26 U.S.C. § 6402(d) to offset tax refunds against debts owed by taxpayers to other federal agencies would not undercut that jurisdiction in the face of a claim that the offset was improper.

As the government points out, however, the offset statute goes on specifically to insulate such offset actions from judicial review. Subsection (g) reads:

> "No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f) . . . . No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid[.]"[18]

Subsection (d) specifically applies to the collection of debts owed by individuals to federal agencies. Defendant thus correctly argues that subsection (g) precludes us from hearing claims against the Treasury Department for allegedly improper offsets, including those used to repay debts owed by taxpayers to other federal agencies.[19]

We also note that the last sentence of subsection (g) is inapplicable here. It clarifies that suits against agencies asserting a debt are not barred if the basis of the claim is something other than the offset itself, *i.e.*, if the

---

[16] *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996).
[17] *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967).
[18] 26 U.S.C. § 6402(g) (2018).
[19] *See Ibrahim v. United States*, 112 Fed. Cl. 333, 337 n.3 (2013).

4

challenge is to the debt itself.  For example, this court ruled in *Ibrahim v. United States* that a claim regarding a Treasury offset to repay a debt to the Education Department was within the court's jurisdiction because the plaintiff there challenged the validity of the underlying debt rather than simply challenging the legality of the Treasury offset.[20]

Unlike the plaintiff in *Ibrahim*, Mr. Prance bases his claim solely on the legality of the Treasury offsetting his stimulus payment. His complaint does not challenge the validity of the underlying debt or any other action of the State Department.[21]  Although we normally afford some leeway to *pro se* plaintiffs, we may not create a basis for jurisdiction where none exists.[22]  Mr. Prance claims that the Treasury was acting illegally by offsetting his stimulus payment—a claim over which 26 U.S.C. § 6402(g) bars review.  Even reading his complaint liberally, it challenges only the offset itself, not the underlying debt.  We thus must dismiss the action.

II. The CARES Act and CAA Allow Federal Agencies to Offset Economic Relief Payments Claimed as Tax Refunds

Alternatively, even if we could exercise jurisdiction, we agree with defendant that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff asserts that his $600 payment was not subject to offset.[23] The CARES Act, CAA, and ARPA, however, protect relief payments from

---

[20] 112 Fed. Cl. 333, 337 (2013).

[21] The clerk's office received a sur-reply from plaintiff on October 11, 2023. Although leave had not been granted to file such a document, given Mr. Prance's *pro se* status, we allow it to be filed.  In it, Mr. Prance further describes his frustration stemming from his unsuccessful attempts to receive clarity from the State Department regarding the amount of the debt.  We do not construe this as a challenge to the debt itself.  The complaint, in paragraph 11, admits that the State Department assisted him with payment for medical bills and return to the United States in 2005.

[22] *Martin v. United States*, No. 2022-1810, 2023 U.S. App. LEXIS 3262, at *4 (Fed. Cir. Feb. 10, 2023) (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)).

[23] While plaintiff asserts that the payment in question was claimed under ARPA, the amount of the claimed payment ($600) likely means that it was claimed under the CAA because the statutorily defined payment amount under ARPA was $1,400. Even if this payment had been claimed under ARPA, it would make no difference in our analysis because ARPA likewise allowed the Treasury Department to offset relief payments when claimed on a tax return.

5

offset only if the monies are claimed in the form of EIPs rather than through a tax refund. Because plaintiff claimed his COVID-related relief payments on his tax returns rather than applying to receive advance EIPs, the Treasury Department was entitled to offset his tax refund against the State Department debt. The exaction was thus not illegal.

## CONCLUSION

Because this court may not exercise jurisdiction over plaintiff's claim, the following is ordered:

1. The clerk's office is directed to accept and docket the document received on October 11, 2023, as a sur-reply.

2. Defendant's motion, filed on October 11, 2023, to stay briefing on plaintiff's motion for summary judgment is denied as moot.

3. Defendant's motion to dismiss for lack of jurisdiction is granted.

4. Plaintiff's motion for summary judgment is denied as moot.

The Clerk is directed to dismiss the complaint for lack of jurisdiction pursuant to Rule 12(b)(1) and to enter judgment accordingly. No costs.

<u>s/Eric G. Bruggink</u>
ERIC G. BRUGGINK
Senior Judge